UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21801-RAR

**ASSOCIATED ENERGY GROUP, LLC**,
*a Texas Limited Liability Company*,

      Plaintiff,

v.

**SAWYER AVIATION, LLC**,
*an Arizona Limited Liability Company*,

      Defendant.
_____/

## SEALED ORDER DENYING MOTION FOR PREJUDGMENT WRIT OF GARNISHMENT

**THIS CAUSE** comes before the Court upon Plaintiff's Verified Sealed *Ex Parte* Motion for Issuance of Prejudgment Writ of Garnishment ("Motion"), [ECF No. 5], filed on May 15, 2023.

Federal Rule of Civil Procedure 64(a) provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." In Florida, "[a] prejudgment writ of garnishment . . . is a civil remedy available to a party to secure the anticipated money judgment the party ultimately expects to recover." *Garel & Jacobs, P.A. v. Wick*, 683 So. 2d 184, 186 (Fla. 3d DCA 1996). To obtain a prejudgment writ of garnishment pursuant to section 77.031 of the Florida Statutes, a plaintiff must:

> [F]ile in the court where the action is pending a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, due, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and

> in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim.

Fla. Stat. § 77.031(2). The plaintiff must also post a bond "in at least double the amount of the debt demanded, conditioned to pay all costs, damages, and attorney's fees that the defendant sustains in consequence of the plaintiff's improperly suing out the writ of garnishment." *Id.* § 77.031(3).

While Plaintiff preliminarily states it "has a reasonable basis and good reason to believe" Defendant will close its account and secret its assets, Plaintiff later represents it merely believes Defendant "could possibly close" its bank account or "remove all funds therein and not have in its possession, after execution is issued, tangible or intangible property, in this state, on which a levy can be made sufficient to satisfy" Plaintiff's claim. Mot. ¶¶ 1, 14. But it does not include any information about why it believes this nor any information about why it believes the identified bank account is Defendant's only known asset. *Cf. Lezer Corp. v. Noble Partners, LLC*, No. 20-23235, 2020 WL 6264724, at *4 (S.D. Fla. Oct. 5, 2020) (stating that due process requires more than a party's conclusory allegation that a statutory ground for obtaining a prejudgment writ of garnishment exists and noting that the plaintiff failed "to provide any evidence that [d]efendants w[ould] not have sufficient funds to satisfy a judgment entered against them"), *report and recommendation adopted*, 2020 WL 6263055 (S.D. Fla. Oct. 23, 2020). Because Plaintiff has not sufficiently demonstrated that it believes Defendant will not have sufficient property on which a levy could be made, the Motion warrants denial.[1] Accordingly, it is hereby

---

[1] The Court also notes it is unclear how it could issue an open-ended writ for "all accounts" belonging to Defendant when the Motion only identifies a single, specific account. *See* Mot. at 1. The fact Defendant presumably owns other accounts also calls into question the assertion that the account identified in the Motion is Defendant's only known asset.

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 5], is **DENIED** *without prejudice*.  Plaintiff shall file a renewed Motion on or before **May 26, 2023**.  In the event Plaintiff does not file a renewed Motion, the Court will unseal the Motion without further notice.  This Order shall remain under seal until further order of the Court.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of May, 2023.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**