UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21801-RAR

**ASSOCIATED ENERGY GROUP, LLC**,
*a Texas Limited Liability Company*,

    Plaintiff,

v.

**SAWYER AVIATION, LLC**,
*an Arizona Limited Liability Company*,

    Defendant.
_____/

**SEALED ORDER GRANTING MOTION FOR
PREJUDGMENT WRIT OF GARNISHMENT**

**THIS CAUSE** comes before the Court upon Plaintiff's Sealed Renewed Verified *Ex Parte* Motion for Issuance of Prejudgment Writ of Garnishment ("Motion"), [ECF No. 7], filed on May 26, 2023.

This action arises out of Plaintiff's sale of aircraft fuel to Defendant. *See* Mot. ¶ 11. Plaintiff maintains that, pursuant to an agreement between the parties, it delivered aircraft fuel to Defendant. *Id.* Defendant, however, has allegedly not met its payment obligations, resulting in an outstanding balance of $166,250.23 owed to Plaintiff. Mot. ¶¶ 13–14.

Per Rule 64(a) of the Federal Rules of Civil Procedure "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." A prejudgment writ of garnishment is "a civil remedy available to a party to secure the anticipated money judgment the party ultimately expects to recover." *Garel & Jacobs, P.A. v. Wick*, 683 So.

2d 184, 186 (Fla. 3d DCA 1996). Section 77.031 of the Florida Statutes provides that a plaintiff must:

> [F]ile in the court where the action is pending a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, due, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim.

Fla. Stat. § 77.031(2). The plaintiff must also post a bond "in at least double the amount of the debt demanded, conditioned to pay all costs, damages, and attorney's fees that the defendant sustains in consequence of the plaintiff's improperly suing out the writ of garnishment." *Id.* § 77.031(3).

The Motion satisfies the statutory requirements. Plaintiff has indicated the amount of the outstanding debt and that it is "just, due and unpaid," Mot. ¶ 14; that the garnishment is not sued out to injure Defendant or Comerica Bank, the Garnishee, Mot. ¶ 19; and that Plaintiff has good reason to believe Defendant is insolvent, which will hinder Plaintiff's ability to levy any property in the event it secures a judgment against Defendant, Mot. ¶¶ 2–3. Plaintiff attached several instances of correspondence in which it attempted to collect payment of the owed debt to support its belief that Defendant is insolvent as well as evidence supporting its belief that Defendant does not own property within the Court's jurisdiction. *See* [ECF Nos. 7-5 to 7-7]. Plaintiff is also willing to post a bond in the amount of $332,500.46, twice the amount of the prejudgment writ of garnishment. Mot. ¶ 15. The Court therefore finds the issuance of a prejudgment writ of garnishment appropriate. *See Technogym USA Corp. v. Fit Sols., LLC*, No. 18-80125, 2018 WL 3110798, at *2 (S.D. Fla. Mar. 22, 2018) (issuing prejudgment writ of garnishment in action alleging breach of contract). Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Motion, [ECF No. 7], is **GRANTED**.

2. Plaintiff shall post a bond with the Clerk of Court in the amount of $332,500.46.

3. Upon receipt of the aforementioned bond, the Clerk of Court is **DIRECTED** to issue the prejudgment writ of garnishment Plaintiff filed at [ECF No. 7-4].

4. In compliance with Fla. Stat. § 77.031(2), the Clerk is further **DIRECTED** to mail Defendant a copy of the prejudgment writ of garnishment upon issuance.

5. This Order shall remain under seal until further order of the Court.

**DONE AND ORDERED** in Miami, Florida, this 30th day of May, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**